```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | |
|---|---|
| **DAVID WESLEY THORNTON,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CIVIL ACTION NO.: 15-00487-CG-B |
| | * |
| **NURSE BLAKE**, *et al.*, | * |
| | * |
| Defendants. | * |

### REPORT AND RECOMMENDATION

Plaintiff David Wesley Thornton, an Alabama prison inmate, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees (Docs. 1, 2) on October 1, 2015. This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(2)(R)for appropriate action. Because Plaintiff has failed to prosecute and to comply with the Court's Order dated October 6, 2015 (Doc. 3), it is recommended that this action be dismissed without prejudice.

Upon review of Plaintiff's motion, it was determined that the motion was not signed by a prison official, and did not include a financial statement containing all transactions in Plaintiff's prisoner account for the six (6) months immediately preceding the date of the filing of his complaint. Accordingly, the Court issued an order directing Plaintiff to file a conforming motion. Plaintiff was expressly directed to file, by November 6, 2015, a motion to

proceed without prepayment of fees that was signed by a prison official and included a financial a statement containing all transactions in his prisoner account for the six (6) months immediately preceding the date of the filing of his complaint. Plaintiff was cautioned that if he failed to timely comply with the order, this action would be dismissed without prejudice for failure to prosecute and to obey the Court's Order[1]. To date, Plaintiff has not complied with the Court's Order dated October 6, 2015. Nor has his copy of the Order been returned to the Court. Accordingly, at this juncture, it appears that Plaintiff has lost interest in this litigation.

Due to Plaintiff's failure to comply with the Court's Order of October 6, 2015 (Doc. 3), and upon consideration of the alternatives available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. <u>Link v. Wabash R. R.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss <u>sua sponte</u> an action for lack of prosecution); <u>World Thrust Films, Inc. v. International Family Entertainment, Inc.</u>,

---

[1] The Court also observed that Plaintiff is well aware of the requirement that a certified financial statement be included with a motion to proceed without prepayment of fees as his complaint in <u>Thornton v. Mobile County Metro Jail</u>, Civil Action No. 15-00125-KD-N (S.D. Ala), was dismissed on June 2, 2015 after he failed to comply with the Court's order directing him to submit the institutional record.(Doc. 3 at 2, n.1).

41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P. 72(b)**; S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C.

3

§ 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **17th** day of **June, 2016.**

                                                   /S/SONJA F. BIVINS
                                         **UNITED STATES MAGISTRATE JUDGE**